UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VARREN KING, | ) |
|     Plaintiff, | ) Case No. 21-cv-0783 |
| v. | ) Judge Sharon Johnson Coleman |
| THOMAS DART, Sheriff of Cook County, et. al, | ) |
|     Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Varren King, by counsel, filed this lawsuit on February 11, 2021, alleging that while he was detained at the Cook County Jail, Division 9, he was attacked by another detainee. Based on this attack and his subsequent injuries, King brings constitutional failure-to-protect and medical care claims. Before the Court is defendants' motion for summary judgment under Federal Rule of Civil Procedure 56(a) for failure to exhaust. For the following reasons, the Court grants defendants' motion.

**Background**

King maintains that on March 29, 2019 defendant Correctional Officer R. Szul was his tier officer. King further alleges that Officer Szul left his station for thirty-two minutes to provide backup for another officer conducting a security check. While Officer Szul was not at his station, another detainee, Norvin Ortiz, punched King and later threw a hot liquid substance on him causing serious burns. Once Officer Szul returned, King asked if he could get medical attention for his severe burns and pain. King did not get medical attention until the next day when a nurse evaluated him. King was then transferred to Stroger Hospital.

King alleges that Officer Szul violated his due process rights for failing to protect him against the risk of harm caused by his fellow detainee, and that Officer Szul failed to facilitate

medical help on his behalf. King also brings a claim against defendant Sherriff Dart in his official capacity based on an alleged widespread practice concerning tier officers leaving their tiers to conduct security checks and that this practice was the moving force behind his constitutional injuries under *Monell v. Department of Social Servs. of New York*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

**Legal Standard**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A genuine dispute as to any material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L.Ed. 2d 202 (1986). When determining whether a genuine dispute as to any material fact exists, the Court must view the evidence and draw all reasonable inferences in favor of the nonmoving party. *Id.* at 255; *Lovelace v. Gibson,* 21 F.4th 481, 483 (7th Cir. 2021). After "a properly supported motion for summary judgment is made, the adverse party 'must set forth specific facts showing that there is a genuine issue for trial.'" *Anderson*, 477 U.S. at 255 (citation omitted).

**Discussion**

In the present motion, defendants assert King did not exhaust his claims as required by the Prison Litigation Reform Act ("PLRA"). *See* 42 U.S.C. § 1997e(a). "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007). The Seventh Circuit takes a strict approach to exhaustion requiring inmates to comply with the administrative grievance process established by their correctional institution, in this case, the Cook County Department of Corrections ("CCDOC"). *See Wilborn v. Ealey,* 881 F.3d 998, 1004 (7th Cir. 2018).

2

The CCDOC has a formal grievance processes set forth in its Inmate Information Handbook that directs an aggrieved detainee to file an internal grievance within 15 days of the triggering event. According to the Inmate Information Handbook, which King signed and received upon his detention at the CCDOC, the detainee must use the Inmate Grievance Form on which he is required to include the specific date, location, and time of the incident. After receiving a written response to the grievance, if the detainee is dissatisfied with the response, he must file an appeal by signing and returning the appeal portion of the grievance form within 15 days to exhaust his administrative remedies. The language regarding the appeals process is located on the grievance response form and in the Inmate Information Handbook.

The record shows that King filed grievance number 201903350 on April 2, 2019 coded 080—Failure to Protect. In his grievance, King explained that another detainee threw a punch at him and then later threw boiling hot coffee on him. King also wrote: "This grievance is about Failure to Protect under CCDOC Policy." On April 2, 2019, an inmate services supervisor responded to grievance number 201903350 by referring the grievance to the Office of Professional Review ("OPR"). The OPR is a department within the Sheriff's Office that investigates allegations of employee misconduct. *See Consolino v. Towne*, 872 F.3d 825, 828 (7th Cir. 2017).

As part of the OPR investigation, Deputy Sheriff Felix Hernandez interviewed King on April 10, 2019. That same day, King initialed and signed an OPR "Detainee/Complainant Notification" form, which stated: "I understand that if I do not file a complaint register within 10 days that OPR will close the investigation: however, I have been informed that I have an option to file the complaint register at a later time." King never filed a complaint register.

King did not appeal the April 2, 2019 response he received to grievance number 201903350 within 15 days required by CCDOC's exhaustion procedure nor did he file a complaint register with the OPR or appeal from the closure of the OPR investigation. On May 29, 2019, Sheriff Hernandez

recommended closing the OPR investigation. Closure of the OPR investigation was then approved by OPR Director Miriam Rentas that same day. Accordingly, King has not exhausted his failure-to-protect claim.

In response, King maintains that the closure of the OPR investigation on May 29, 2019 did not signal the end of the investigation. Instead, King asserts that an OPR file is not closed until its completed a command channel review process, including a review by the undersheriff. King's argument raises the question of whether an OPR investigation, which is an internal affairs investigation, is part of the required CCDOC grievance procedure. It is not. *See Bowers v. Dart*, 1 F.4th 513, 519 (7th Cir. 2021); *Pavey v. Conley*, 663 F.3d 899, 905 (7th Cir. 2011). Accordingly, if a detainee is dissatisfied with the decision to pass his grievance on to the OPR, he must file an administrative appeal. *See Worthem v. Boyle*, 404 Fed. Appx. 45, 46 (7th Cir. 2010). In any event, because King never appealed the response to his April 2, 2019 grievance nor the OPR's conclusion, he has not exhausted his failure-to-protect claim. *Hacker v. Dart*, No. 17-cv-4282, 2021 WL 4355377, at *10 (N.D. Ill. Sept. 24, 2021) (Seeger, J.) ("The existence of an OPR investigation does not eliminate the need to appeal at all."). Lastly, King's reliance on dicta arguing that there was no "adverse decision" to appeal is unfounded because the CCDOC's grievance procedures do not require any such "adverse decision," but instead explain that a detainee's dissatisfaction with a grievance response is appealable. The Court grants this aspect of defendants' summary judgment motion.

Next, on April 2, 2019, King filed grievance number 201903351 coded 200—Medical Treatment, in which he stated that he did not get medical attention for his third degree burn resulting from the March 29, 2019 incident. He further stated: "Medical Staff are liable by not attending to my medical needs." On April 4, 2019, a CCDOC nurse responded to King's grievance explaining the record revealed that he had been taken to Cermak Urgent Care Clinic and then

4

transferred to Stroger Hospital the day after the incident. King appealed this response on April 8, 2019 stating he was not satisfied by the response because he had not received medical care until 24 hours after the incident.

Here, defendants argue King has not exhausted his medical care claim because although he grieves the conduct of the "medical staff," he fails to name, identify, or describe the correctional employee(s) who provided inadequate medical attention. *See Roberts v. Neal*, 745 F.3d 232, 235-36 (7th Cir. 2014). In other words, defendants point out a "disconnect between the grievance and complaint" because Officer Szul, a correctional officer who is not medical staff, was not mentioned or identified in the grievance, as he was in King's complaint. *See Bowers*, 1 F.4th at 517.

In his complaint, King alleges that he told Officer Szul that he needed medical attention for his severe burns on March 29, 2019, and that Officer Szul failed to facilitate medical attention at that time. King also alleges in his complaint that Officer Szul's refusal to facilitate medical attention caused him to suffer unnecessary pain. These allegations, however, are not in King's grievance number 201903351 for medical treatment. Rather, King stated as follows:

> On 3-30-2019 around 8:00 a.m. to 11:00 p.m. Sgt. Heinz came and recorded me about the incident that happened on 3-29-2019 with inmate Ortiz. Sgt. Heinz and CCDOC staff [took] me to Stronger Hospital [because] of the incident that occurred on 3-29-2019. For 24 hours I did not receive any medical attention for the third degree burn on my left side face and left side shoulder. Medical staff are liable by not attending to my medical needs.

Under these circumstances, King has not exhausted his medical care claim because his grievance number 201903351 did not give the CCDOC a fair opportunity to address his claim against Officer Szul before King filed this lawsuit. *See Pyles v. Nwaobasi*, 829 F.3d 860, 867 (7th Cir. 2016) ("The purpose of the exhaustion requirement is to ensure that prisons have 'a fair opportunity to correct their own errors' through the grievance process.") (citation omitted). Simply put, the "exhaustion requirement protects the prison's administrative authority by giving it an opportunity to correct its own mistakes before suit is filed against it in federal court." *Schillinger v. Kiley*, 954 F.3d

5

990, 995 (7th Cir. 2020). Because King failed to alert the CCDOC as to the parameters of his medical care claim, especially the identity of Officer Szul, the CCDOC did not have a fair opportunity to resolve the issue. *See id.* The Court therefore grants defendants' summary judgment motion as to King's medical care claim.

On a final note, King failed to file any grievance concerning the Sheriff's Office's practice of correctional officers leaving their tier to serve as backup for other correctional officers resulting in unsupervised detainees. King has thus failed to exhaust his *Monell* claim against Sheriff Dart in his official capacity.

**Conclusion**

For the foregoing reasons, the Court grants defendants' motion for summary judgment [56]. Civil case terminated.

IT IS SO ORDERED.

Date: 3/21/2022

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge